2005 UT App 202

**HEUGHS LAND, L.L.C., a Utah limited liability company, Plaintiff and Appellant,**

v.

**HOLLADAY CITY, a municipal corporation and local subdivision of the State of Utah, Defendant and Appellee.**

No. 20040611–CA.

Court of Appeals of Utah.

May 12, 2005.

---

Angela E. Atkin and Anthony L. Rampton, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Appellant.

Peter Stirba and Gregory P. Nielsen, Stirba & Hathaway, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and GREENWOOD.[1]

## OPINION

DAVIS, Judge:

¶1 Heughs Land, L.L.C. (Heughs Land) appeals the trial court's dismissal of its federal and state takings claims. We reverse and remand.

## BACKGROUND

¶2 Heughs Land is the owner of real property (the property) located in the City of Holladay, Utah (the City). The property consists of approximately 3.326 acres of un-developed land at the mouth of Heughs Canyon. On October 16, 2002, after Heughs Land had made several efforts to develop the property as a residential subdivision, the City's planning commission denied Heughs Land's application for approval of a subdivision plat. The following day, Heughs Land sent a letter to the City Council of Holladay appealing the decision of the planning commission to the Mayor of the City. On December 19, 2002, the Mayor rejected Heughs Land's appeal.

¶3 On January 22, 2003, Heughs Land sent notice to the Mayor that it would seek review of his December 19, 2002 decision in the Third District Court as a claim for the unconstitutional taking of property. Heughs Land filed its complaint in Third District Court on August 28, 2003, claiming that the regulations and actions of the Salt Lake County Planning Commission—denying the previous owner's application for development of the property—and the City's planning commission, together with the Mayor's rejection of Heugh Land's appeal, rendered the property undevelopable. Therefore, Heughs Land claimed that it had been deprived of all economically beneficial use of the property and, as a result, had suffered a compensable taking under both federal and state law.

¶4 In a memorandum decision, however, the trial court determined that because Heughs Land failed to comply with the "procedural" notice requirements of the version of the Utah Governmental Immunity Act (the UGIA) in effect at the time of Heughs Land's claims, see Utah Code Ann. §§ 63–30–1 to –38 (1997 & Supp.2002), the court lacked subject matter jurisdiction to hear Heughs Land's state claims. This notwithstanding, the court then determined Heughs Land's federal claims were not ripe. On June 28, 2004, the trial court entered an order dismissing Heughs Land's claims.

## ISSUES AND STANDARDS OF REVIEW

¶5 Heughs Land argues that the district court erred in dismissing its state takings claims for failure to comply with the notice-of-claim requirements of the UGIA.

---

**1.** Judge Billings did not participate in the deci- sion, as she recused herself.

*See* Utah Code Ann. §§ 63–30–11, –13 (Supp. 2002). The trial court's "dismissal of [the claims] based on governmental immunity is a determination of law that we afford no deference. We review such conclusions for correctness." *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632 (citations omitted). In addition, Heughs Land argues that the district court erred in dismissing its federal takings claims for lack of ripeness. "[W]e review the trial court's legal determination of ripeness under a correction of error standard." *Boyle v. National Union Fire Ins. Co.*, 866 P.2d 595, 598 (Utah Ct.App.1993).

## ANALYSIS

■ ¶ 6 Section 63–30–11 of the Utah Code provides that "[a]ny person having a claim for injury against a governmental entity ... shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code Ann. § 63–30–11(2). The notice of claim must be "directed and delivered to ... the city or town recorder, when the claim is against an incorporated city or town." *Id.* § 63–30–11(3)(b)(ii)(A). The notice of claim requirements are jurisdictional, and "[a] claim against a political subdivision ... is barred unless notice of claim is filed ... within one year after the claim arises." *Id.* § 63–30–13.

¶ 7 The trial court dismissed Heughs Land's state law takings claims for lack of subject matter jurisdiction because it found that Heughs Land had "admittedly failed to comply with the 'procedural' notice" requirements of the UGIA. Heughs Land, however, argues that their right to recovery under the Utah Constitution may not be modified or restricted by the UGIA because article I, section 22 of the constitution is self-executing. We agree.

■ ¶ 8 It is undisputed that Heughs Land seeks recovery for an inverse condemnation action. Heugh Land's inverse condemnation claims are brought under article I, section 22 of the Utah Constitution, which provides that "[p]rivate property shall not be taken or damaged for public use without just compensation." Utah Const. art. I, § 22.

"[A]rticle I, section 22 is self-executing." *Colman v. Utah State Land Bd.*, 795 P.2d 622, 630 (Utah 1990). "In essence, a self-executing constitutional clause is one that can be judicially enforced without implementing legislation." *Spackman v. Board of Educ.*, 2000 UT 87,¶ 7, 16 P.3d 533. Moreover, as a self-executing constitutional provision, "no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed." *Id.* (quotations and citation omitted).

¶ 9 In *Colman v. Utah State Land Board*, the supreme court determined that because an inverse condemnation action is a claim brought under a self-executing provision of the constitution, the State is not immune under the UGIA. *See* 795 P.2d at 630–35. The court pointed out that "legislative power itself must be exercised within the framework of the constitution. Accordingly, it has been so long established and universally recognized, as to be hardly necessary to state, that if a statutory enactment contravenes any provision of the constitution, the latter governs." *Id.* (quotations and citation omitted). In the cases that have followed *Colman*, the courts have consistently held that "[a]n inverse condemnation claim under [article I, section 22] is self-executing and not subject to the limitations found in the [UGIA]." *Farmers New World Life Ins. Co. v. Bountiful City*, 803 P.2d 1241, 1244 n. 1 (Utah 1990); *see also Hansen v. Salt Lake County*, 794 P.2d 838, 847 (Utah 1990) ("[W]e now make clear that governmental immunity cannot apply to prohibit suit or recovery under an inverse condemnation theory. That would be unconstitutional under the interpretation we have given article I, section 22 in *Colman*."); *B.A.M. Dev., L.L.C. v. Salt Lake County*, 2004 UT App 34, ¶ 35 n. 8, 87 P.3d 710 (Orme, J., dissenting) (noting that the self-executing aspect of inverse condemnation claims brought under article I, section 22 of the Utah Constitution means "that such claims may be brought even absent authorizing legislation and that such claims are exempt from the limitations found in the [UGIA]"), *cert. granted*, 98 P.3d 1177 (Utah 2004).

¶ 10 The City asserts that the above cited cases merely demonstrate that governmental entities are not given substantive sovereign immunity under the UGIA against inverse condemnation claims, not that the procedural requirements of the UGIA are also inapplicable. According to the City, the procedural notice provisions of the UGIA are entitled to analysis separate from the substantive immunity provisions. The City relies on *Pigs Gun Club, Inc. v. Sanpete County*, 2002 UT 17, 42 P.3d 379, and *Nielson v. Gurley*, 888 P.2d 130 (Utah Ct.App.1994). The City's reliance on these cases, however, is misplaced.

¶ 11 Unlike the present matter, which indisputably involves constitutional takings claims, the court in *Pigs Gun Club* never determined that the claim constituted an inverse condemnation action. *See* 2002 UT 17 at ¶¶ 27–29, 42 P.3d 379. Similarly, although the court in *Nielson* determined that "[c]omplying with the notice provisions of the [UGIA] is a jurisdictional requirement and a precondition to suit, and is in no way co[ ]extensive with the substantive provisions contained within the [UGIA] which insulate the sovereign and its operatives from liability," 888 P.2d at 135 (emphasis omitted), its conclusion has no application to the present matter. Unlike Heughs Land's claims, the plaintiff in *Nielson* brought suit pursuant to a waiver of sovereign immunity contained in the UGIA. *See id.* at 135–36. Naturally, therefore, the notice-of-claim provisions of the UGIA applied to the plaintiff's claim. *See id.* However, that is not this case. As we explained above, Heughs Land's inverse condemnation action involves claims under a self-executing provision of the Utah Constitution and does not arise out of, and is not dependent on, a waiver of immunity contained in the UGIA. We recognize that section 63–30–10.5 of the UGIA contains a waiver of immunity for inverse condemnation claims, *see* Utah Code Ann. § 63–30–10.5(1) (1997); however, the fact that the legislature chose to explain, by statute, that the government is not immune from takings claims does not mean that a constitutional inverse condemnation claim is brought pursuant to the UGIA. Section 63–30–10.5 merely serves to clarify a preexisting state of the law. Therefore, the notice provisions of the UGIA do not apply to Heughs Land's claims.[2]

¶ 12 Having concluded that the notice-of-claim provisions of the UGIA do not act as a bar to Heughs Land's claims, we reverse and remand. Because we conclude that the trial court may proceed with Heughs Land's state claims, we necessarily reverse the trial court's ruling that Heughs Land's federal taking claims are unripe. We need not determine, however, whether Heughs Land's federal claims are ripe. For guidance on remand, we note that both Heughs Land's federal and state claims may be heard by the trial court.[3]

## CONCLUSION

¶ 13 We conclude that the trial erred in dismissing Heughs Land's state takings

---

2. We note that other jurisdictions have similarly concluded that the notice-of-claim provisions of legislative acts granting immunity to governments do not apply to constitutional claims of inverse condemnation. *See, e.g., Greenway Dev. Co. v. Borough of Paramus*, 163 N.J. 546, 750 A.2d 764, 770 (2000) (noting that courts have determined that state notice-of-claim laws are "inapplicable in actions alleging violations of federal as well as state constitutional rights, such as claims of inverse condemnation"); *see also Dishman v. Nebraska Pub. Power Dist.*, 240 Neb. 452, 482 N.W.2d 580, 582 (1992) ("While the parties focus on the notice requirement of the tort claims act, we do not concern ourselves with that issue, for the [plaintiffs'] petition states an action for inverse condemnation, which is not subject to the act.").

3. Although the City successfully prevented Heughs Land's federal takings claims from ever ripening, it nonetheless argues that under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), its federal takings claims must be dismissed for lack of ripeness because Heughs Land has not yet been denied compensation for its state law inverse condemnation action. We do not believe the trial court is precluded from addressing Heughs Land's federal claims at some point as a proper initial venue. *See Heir v. Delaware River Port Auth.*, 218 F.Supp.2d 627, 634 (D.N.J.2002) ("[W]hile the claims asserted by [p]laintiffs in this case, like those at issue in *Williamson County*, would have been unripe had they been asserted in federal court prior to the decision in the state condemnation proceedings, it does not necessarily follow that those claims could not have been asserted before the state court.").

claims for failure to comply with the notice-of-claim requirements of the UGIA and its federal takings claims for lack of ripeness. Therefore, we reverse and remand for further proceedings under article I, section 22 of the Utah Constitution and, if necessary and appropriate, the Fifth and Fourteenth Amendments of the United States Constitution.

¶ 14 I CONCUR: Pamela T. Greenwood, Judge.

