2010 UT 58

Willis Lauritz PETERSEN, Jr.; Leslee P. Christensen; Allan D. Petersen; Kristine Petersen Smith; and Dean B. Petersen, as trustees of the Margarett Park Petersen Family Living Trust, Petitioners and Appellants,

v.

RIVERTON CITY, Respondent and Appellee.

No. 20090095.

Supreme Court of Utah.

Oct. 8, 2010.

Rehearing Denied Dec. 3, 2010.

Dale F. Gardiner, Scott M. Lilja, Cassie J. Medura, Nichole M. Deforge, Salt Lake City, for petitioners.

Jody K. Burnett, Robert C. Keller, Salt Lake City, for respondent.

PARRISH, Justice:

## INTRODUCTION

¶ 1 In this case, members of the Petersen Family (the "Petersens") appeal the district court's entry of summary judgment in favor of Riverton City, which upheld the Riverton City Council's denial of the Petersens' application to rezone a 20.84 acre parcel of land they own in Riverton City (the "Property"). The Petersens argue that the district court erred when it applied the reasonably debatable standard in reviewing and upholding the Riverton City Council's decision. They argue that the substantial evidence standard should have been used to review the denial of their application to rezone. Because we hold that the decision to grant or deny an application for a zoning change is a legislative decision subject to the reasonably debatable standard, we affirm the district court's grant of summary judgment. We also affirm the district court's denial of the Petersens' rule

56(f) motion for additional discovery and the dismissal of their constitutional claims.

## BACKGROUND

¶ 2 The Petersens own 20.84 acres of land in Riverton City. In 2007, the Petersens entered into a contract with a developer, D.H. Horton, to sell the Property for $5.5 million contingent on the ability to rezone it. In May of 2007, D.H. Horton submitted an application to the Riverton City Council (the "Council") to rezone the Property from an RR–22 designation to an R–3 designation.[1]

¶ 3 In June 2007, the Riverton City Planning Commission (the "Commission") held a public hearing to consider the rezoning request. At the hearing, the Commission noted that the proposed change would be consistent with Riverton City's General Plan but entertained several public comments in opposition to the zoning change. Local citizens raised concerns about the impact on the ability to raise large farm animals in the area, the potential for increased traffic, and the desire to not increase the existing housing density in order to maintain the rural character of the area. During the hearing, there was also a discussion about selling part of the Property to Riverton City for a retention pond and one councilman expressed a personal opinion that the change would constitute "spot-zoning." Ultimately, the Commission voted to recommend denial of the application to the Council.

¶ 4 In July 2007, the Council held a public hearing to consider the rezoning application. The Council staff pointed out at the hearing that the Property is surrounded on three sides by the original R–22 zoning classification, that either an R–3 designation or an R–22 designation complied with the General Plan, and that the Planning Commission had recommended the denial of the application. There were also public comments made regarding the proposed rezoning that were similar in character to those made at the

---

1. The R–22 zoning designation permits only two dwelling units per acre as well as medium and small farm animals. The R–3 zoning designation allows three dwelling units per acre and contemplates no specific animal rights.

Commission hearing. All of the public comments were in opposition to the rezoning request. The Council also discussed the proposed sale of part of the Property to the City for a retention pond. The Council ultimately voted to deny the rezoning application.

¶ 5 The Petersens timely filed a Petition for Judicial Review of a Land Use Decision with the district court. The Petersens argued that there was no substantial evidence in the record to support the denial of their rezoning request. Furthermore, in their reply to the City's motion for summary judgment, the Petersens alleged that the Council violated the Petersens' constitutional rights when the Council treated them as a "class of one," differently from other similarly situated property owners in violation of their equal protection rights and that the hearing did not comport with due process. The district court dismissed these arguments and granted Riverton City's motion for summary judgment. In so doing, it applied the reasonably debatable standard of review to the Council's decision and held that it was not arbitrary, capricious, or illegal because there was a reasonable basis for it.

¶ 6 On appeal to this court, the Petersens argue that the district court erred when it applied the highly deferential reasonably debatable standard of review. Instead, they assert that the district court should have applied the substantial evidence standard because the Council's decision was quasi-judicial in nature. In the alternative, they argue that even if we hold that the reasonably debatable standard applies, the Council's decision was arbitrary because it was made solely on the basis of a desire to drive down the value of the property, a portion of which Riverton City desired to purchase for a retention pond.

¶ 7 The Petersens also argue that the district court erred when it dismissed their constitutional claims and when it denied their rule 56(f) motion for additional discovery. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (2008).

### STANDARD OF REVIEW

¶ 8 "We review a district court's decision to grant summary judgment for cor-

rectness, granting no deference to the district court's conclusions...." *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 16, 215 P.3d 933. A municipality's decision to deny a rezoning request presents a question of law that we also review for correctness. *See Bradley v. Payson City Corp.*, 2003 UT 16, ¶ 9, 70 P.3d 47.

### ANALYSIS

I. THE DISTRICT COURT CORRECTLY APPLIED THE REASONABLY DEBATABLE STANDARD BECAUSE THE COUNCIL'S DECISION TO DENY THE REZONING REQUEST WAS LEGISLATIVE

¶ 9 The Utah Legislature has articulated the standards that a court must apply when reviewing municipal land use decisions in Utah Code section 10–9a–801 (2007):

(3)(a) The courts shall:

(i) presume that a decision, ordinance, or regulation made under the authority of this chapter is valid; and

(ii) determine only whether or not the decision, ordinance, or regulation is arbitrary, capricious or illegal.

(b) A decision, ordinance, or regulation involving the exercise of legislative discretion is valid if it is reasonably debatable that the decision, ordinance, or regulation promotes the purposes of this chapter and is not otherwise illegal.

(c) A final decision of a land use authority or an appeal authority is valid if the decision is supported by substantial evidence in the record and is not arbitrary, capricious, or illegal.

¶ 10 This court has consistently held "that the enactment and amendment of zoning ordinances is fundamentally a legislative act." *Bradley v. Payson City Corp.*, 2003 UT 16, ¶ 11, 70 P.3d 47 (citing *Sandy City v. Salt Lake Cnty.*, 827 P.2d 212, 221 (Utah 1992)); *see also Scherbel v. Salt Lake City Corp.*, 758 P.2d 897, 899 (Utah 1988).

The wisdom behind these holdings is that "[t]he political nature of the decision making process underlying municipal zoning demands that the power to make such decisions be vested in persons who are publicly accountable for their choices." *Bradley*, 2003 UT 16, ¶ 11, 70 P.3d 47. Furthermore, "[i]t is the policy of this court as enunciated in its prior decisions that it will avoid substituting its judgment for that of the legislative body of the municipality." *Id.* ¶ 12. Given this court's hesitation to substitute its judgment for that of a municipality, we apply the highly deferential reasonably debatable standard when reviewing a municipality's zoning decision.

¶ 11 The Petersens urge us to overrule this long line of precedent and hold that the Council was acting in a quasi-judicial capacity when it denied their rezoning request and, therefore, that the district court should have applied the substantial evidence standard in reviewing the decision. We decline to do so. The case law and statutory authority on which the Petersens rely in making this argument is inapposite because it involves municipal appeal authorities hearing requests for variances and interpreting and applying existing zoning ordinances. *See, e.g., Xanthos v. Bd. of Adjustment*, 685 P.2d 1032, 1034–35 (Utah 1984) (reviewing whether the board of adjustment's denial of a zoning variance was arbitrary and capricious by applying the substantial evidence standard); *Brown v. Sandy City Bd. of Adjustment*, 957 P.2d 207, 210–11 & n. 5 (Utah Ct.App.1998) (reviewing the Board's interpretation of a zoning ordinance). The administrative bodies in these cases have been created specifically for the purpose of applying existing ordinances and evaluating the possibility of individual variances. These tasks are not of the same character as the Petersens' request to amend an existing zoning ordinance in its entirety. Therefore, because we see no reason to depart from our precedent, we hold that the Council's denial of the Petersens' rezoning request was a legislative decision.

¶ 12 Having determined that the district court in this case was reviewing a legislative decision under the reasonably debatable standard, we must now determine whether the district court was correct in holding that the City's decision was, in fact, reasonably debatable. A municipal board's decision will meet this standard if "it is reasonably debatable that the [decision to grant or deny the new ordinance] is in the interest of the general welfare." *Bradley*, 2003 UT 16, ¶ 14, 70 P.3d 47 (internal quotation marks omitted).

¶ 13 In *Bradley v. Payson City Corp.*, we were faced with facts very similar to the facts in this case. The plaintiffs in *Bradley* submitted an application to the City Council to rezone property from a low-density residential classification to a high-density classification. *Id.* ¶¶ 2–3. The Planning Commission recommended a denial of the application to the City Council despite a recognition that Payson City's General Plan did not prohibit the type of rezoning requested. *Id.* ¶¶ 3–4. At the City Council hearing to consider the application, there were a number of public comments expressing concern over the traffic implications of the proposed zoning ordinance and the ability to keep and raise horses "which might be incompatible with high-density residential development." *Id.* ¶ 29. The City Council ultimately denied the application based in part on these public comments. *See id.* ¶ 5.

¶ 14 In upholding the City's denial of the application under the reasonably debatable standard, we recognized that "public hearings and citizen comments are a legitimate source of information for city council members to consider in making legislative decisions." *Id.* ¶ 28. We also stated that "we [were] satisfied that Payson City's consideration of public comments as a justification for its zoning decision reflects a reasonable judgment that properly took into account citizens' concerns." *Id.* ¶ 29.

¶ 15 As was the case in *Bradley*, at the Riverton City Council's hearing on the Petersens' application for rezoning of their Property, there were public comments made in opposition to the proposed change. These

comments expressed concern about increases in traffic, the ability to continue to raise large farm animals, and the loss of the City's character. The Council properly considered these citizens' concerns in deciding to deny the Petersens' application. The discussions of "spot zoning" and the City's desire to buy part of the Property for a retention pond are irrelevant so long as the record reflects a reasonable basis for the decision. "In reviewing the city council's decision, we do not apply trial-like formal rules of procedure or evidence.... Rather, we presume that city council members will measure public comments against their own personal knowledge of the various conditions in the city that bear upon zoning decisions." *Id.* ¶ 28 (citation omitted) (internal quotation marks omitted). The decision must simply be reasonably debatable after consideration of all the evidence in favor of and against the proposed change. In this case, there was clearly a reasonable basis for the Council to deny the Petersens' application.

¶ 16 In summary, we decline the Petersens' invitation to overrule our prior cases and reaffirm that a decision to amend or enact a zoning ordinance is a purely legislative decision. Such decisions are subject to a reasonably debatable standard of review. In this case, the Council's decision was reasonably debatable and we therefore uphold the district court's grant of summary judgment to the City.

## II. THE PETERSENS' EQUAL PROTECTION RIGHTS HAVE NOT BEEN VIOLATED BECAUSE THEY HAVE FAILED TO SHOW ANY EVIDENCE OF MALICE OR BAD FAITH BY THE COUNCIL

¶ 17 "The Fourteenth Amendment forbids any person acting under color of state law from depriving an individual of the equal protection of the laws." *Patterson v. Am. Fork City,* 2003 UT 7, ¶ 29, 67 P.3d 466. To prove an equal protection violation, a plaintiff "must demonstrate that she was treated differently than another person similarly situat-

ed and that the unequal treatment was based upon an impermissible consideration, such as race, or that the selective treatment resulted from a malicious or bad faith intent." *Gardner v. Bd. of County Comm'rs,* 2008 UT 6, ¶ 38, 178 P.3d 893. Because the Petersens cannot claim any unequal treatment based on race or other similar impermissible considerations, they must show that the alleged unequal treatment was based on a malicious or bad faith intent by the Council.

¶ 18 In attempting to prove that the Council violated their equal protection rights, the Petersens rely on the "class of one" theory established in *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). We recognized this theory in *Patterson v. American Fork City,* where we held that in order to be successful under a "class of one theory, the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." 2003 UT 7, ¶ 33, 67 P.3d 466 (internal quotation marks omitted). In other words, "what is required is a showing of a totally illegitimate animus toward the plaintiff by the defendant." *Id.* (internal quotation marks omitted).

¶ 19 In *Patterson,* the plaintiffs alleged they were discriminated against when the city refused to approve their development plans or grant their rezoning request. 2003 UT 7, ¶¶ 22, 24, 67 P.3d 466. We dismissed the plaintiffs' equal protection claim because the plaintiffs could not show they were subject to "intentional discrimination grounded in personal animus." *Id.* ¶ 34.

¶ 20 Likewise, the Petersens cannot show that the Council treated them unequally as a result of intentional discrimination grounded in personal animus. There is no evidence in the record that the Council maliciously singled them out or based the denial on factors unrelated to the Council's governmental duty. Rather, the Council had several reasonable bases upon which it denied the Petersens' application for rezoning: the fact that

the Property was surrounded on three sides by the R–22 classification, the negative public comments, and the desire to maintain the original zoning classification. Furthermore, the Petersens' reliance on *Gardner v. Board of County Commissioners* is misplaced because, in that case, the alleged discrimination was the result of a newly imposed ordinance—not the refusal to change an existing ordinance. *See* 2008 UT 6, ¶ 39, 178 P.3d 893. This is an important distinction. Unlike the imposition of a new ordinance, which may be motivated by an improper motive, a decision to maintain the status quo may, in most cases, be justified by the same reasons that prompted the original enactment. *Gardner* is therefore inapplicable to the Petersens' argument because the Council was simply reaffirming an existing ordinance, not enacting a new one. Because the Petersens cannot show that the Council acted maliciously or in bad faith, their equal protection claim must fail.

## III. THE PETERSENS' DUE PROCESS CLAIM FAILS BECAUSE THEY CANNOT SHOW THEY HAVE A PROTECTABLE PROPERTY INTEREST

¶ 21 The Petersens also assert a claim for violation of due process. Like their equal protection claim, this claim fails. " 'To state a cognizable substantive [or procedural] due process claim, [plaintiffs] must first allege sufficient facts to show a property or liberty interest warranting due process protection.' " *Patterson v. Am. Fork City*, 2003 UT 7, ¶ 23, 67 P.3d 466 (second alteration in original) (quoting *Crider v. Bd. of Cnty. Comm'rs*, 246 F.3d 1285, 1289 (10th Cir. 2001)); *see also Hyde Park Co. v. Santa Fe*

*City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) ("[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectable property interest." (citation omitted)). The United States Supreme Court has defined a property interest "as a 'legitimate claim of entitlement' to some benefit." *Hyde Park Co.*, 226 F.3d at 1210 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

¶ 22 The Petersens argue that their protectable property interest lies in the expectation—based on representations made by the City—that their application for rezoning would be granted.[2] However, "[a]n abstract need for, or unilateral expectation of, a benefit does not constitute 'property.' " *Id.* Rather, a property interest exists only where "existing rules and understandings that stem from an independent source such as state law ... secure certain benefits and [ ] support claims of entitlement to those benefits." *Id.* (internal quotation marks omitted).

¶ 23 In *Hyde Park Co.*, the U.S. Court of Appeals for the Tenth Circuit held that the plaintiff did not have a protectable property interest in the approval of its proposed plat because "the applicable ordinances read as a whole fail[ed] to place any discernible substantive limitations on the City Council's discretion in [the] matter." *Id.* at 1212. Thus, the city council had complete discretion to approve or disapprove the proposed plat and the plaintiff only had a unilateral expectation of approval. *Id.* Similarly, the Riverton City Council had complete discretion in making a legislative decision to approve or deny an application for rezoning. We have

---

**2.** The Petersens also argue that they were denied their procedural due process rights at the Council's hearing. They allege that the Council did not have the discretion to "reject applications which otherwise meet the requirements of its ordinances and General Plan" and that the Council was motivated by the desire to drive down the price of the Property to purchase a portion of it at a lower price. These arguments do not persuade us that a procedural due process violation has occurred. This is especially true in

light of the fact that the Council's discretion is only limited by the reasonably debatable standard in making legislative decisions, *see* Utah Code Ann. § 10–9a–801 (3)(b) (2007), and that maintaining an existing ordinance does not constitute "driving down" the price of the Property. As we have discussed, there was a reasonable basis for the Council's decision and no evidence of bad faith or procedural defect in the Council's hearing. Thus, the Petersens have failed to state a cognizable procedural due process claim.

not found, nor do plaintiffs point to, any City ordinances that limit the Council's discretion in zoning matters.[3] The Petersens have alleged that City employees made representations that the City would grant their application, but this alone does not establish a protectable property interest.

¶ 24 Furthermore, the Petersens' reliance on *Nasierowski Bros. Investment Co. v. City of Sterling Heights*, 949 F.2d 890 (6th Cir. 1991), to show they were deprived of due process is misplaced. In *Nasierowski*, the city changed the existing zoning ordinances, which halted the plaintiff's development that would have been allowed under the previous ordinances. *Id.* at 897. Because the city did this without giving the plaintiff an opportunity to oppose the change and the plaintiff had expended considerable time, money, and effort in reliance on the previous ordinances, the court held that the "[plaintiff] had a property interest in the old zoning classification within which his development was permitted." *Id.* In contrast here, the City did nothing to change the existing zoning ordinances applicable to the Property. Therefore, the Petersens did not take actions or expend time and money similar to the plaintiff in *Nasierowski*. Their unilateral expectation of a zoning change simply does not rise to the level of a protectable property interest and accordingly, their due process claim fails.

## IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE PETERSEN'S REQUEST FOR ADDITIONAL DISCOVERY BECAUSE ITS REVIEW WAS LIMITED TO THE RECORD

 ¶ 25 The Petersens also argue that the district court erroneously denied their request for additional discovery under rule

56(f) of the Utah Rules of Civil Procedure. We apply an abuse of discretion standard in reviewing the denial of a rule 56(f) motion and overturn it only if the denial of the motion "exceed[s] the 'limits of reasonability.'" *Price Dev. Co. v. Orem City*, 2000 UT 26, ¶ 9, 995 P.2d 1237 (quoting *Crossland Sav. v. Hatch*, 877 P.2d 1241, 1243 (Utah 1994)).

 ¶ 26 In this case, the Petersens filed a "Petition for Review of a Land Use Decision" in the district court. Upon a request for review of a municipality's land use decision, "the district court's review is limited to the record provided by the land use authority or appeal authority." Utah Code Ann. § 10–9a–801(8)(a)(I) (2007). The only two exceptions to this rule are that a district court may review evidence if it was improperly excluded in the proceeding below or, if there was no record created, "the court may call witnesses and take evidence." *See id.* § 10–9a–801(8)(a)–(b).

¶ 27 The Petersens do not argue that either exception applies here. Instead, they assert that the limitations imposed by Utah Code section 10–9a–801(8)(a) do not apply to constitutional challenges. We disagree. Parties like the Petersens have two options when confronted with an unfavorable municipal land use decision. They can either file a petition for review pursuant to Utah Code section 10–9a–801, or they may file a complaint against the land use authority, which may include a variety of claims, including constitutional claims. In the first instance, the party is limited to the evidence available in the administrative record. *See id.* § 10–9a–801(8)(a). In the second instance, the party is not statutorily limited to the record and may conduct discovery. In this case, the Petersens chose to pursue the first option and filed a Petition for Judicial Review of a

---

3. The Petersens allege that the Council impermissibly sought to drive down the price of the Petersens' land so that Riverton City could obtain it for a decreased price. This argument is wholly without merit. The Council has simply maintained an original zoning classification. This passive action alone does not indicate a desire to reduce the value of the Petersens' Property. The

case on which the Petersens rely in support of their argument is inapplicable because it involved a situation where a city enacted a *new* zoning ordinance. *See Robertson v. City of Salem*, 191 F.Supp. 604, 607–08 (D.Or.1961). This is not the same as the Riverton City Council refusing to enact a change to an ordinance already in effect.

Land Use Decision. As a result, the district court was statutorily obligated to limit its review of the land use decision to the record. The district court did not abuse its discretion by denying the rule 56(f) motion because further discovery would have been meaningless when the court could not have considered it. In fact, a decision to grant the motion for further discovery would have been inconsistent with the statutory directive.

¶ 28 The cases the Petersens cite in support of their argument actually bolster our conclusion that additional discovery would only have been proper if the Petersens had filed a complaint, rather than a petition for review. In *Greenway Dev. Co. v. Borough of Paramus*, 163 N.J. 546, 750 A.2d 764 (2000), and in *Heughs Land L.L.C. v. Holladay City*, 2005 UT App 202, 113 P.3d 1024, the parties filed separate complaints alleging constitutional takings. The courts held that the notice provisions of the Governmental Immunity Act could not bar the plaintiffs' claims and that they could continue with discovery. *Greenway Dev. Co.*, 750 A.2d at 766, 770; *Heughs Land, L.L.C.*, 2005 UT App 202, ¶ 3, 113 P.3d 1024.

¶ 29 The Petersens also cite to *Springville Citizens for a Better Community v. City of Springville*, 1999 UT 25, 979 P.2d 332, to support their argument. In that case, however, the court did not even reach the constitutional issues raised by the plaintiffs because they were inadequately briefed. *Id.* ¶ 20 n. 2. The question before the court was whether the City's approval of a Planned Unit Development was arbitrary, capricious, or illegal. *Id.* ¶ 20. To answer this question, the court looked only at the record and did not reach the issue of discovery. *See id.* ¶ 24 ("[W]e review the evidence in the record to ensure that the City proceeded within the limits of fairness and acted in good faith."). Thus, none of the authority presented by the Petersens convinces us that the district court abused its discretion when it denied their rule 56(f) motion. We accordingly uphold the district court's order.

## CONCLUSION

¶ 30 We decline to overrule our precedent establishing that a municipality's zoning deci-sion is legislative and that review of such a decision is subject to a reasonably debatable standard. We uphold the district court's grant of summary judgment in favor of Riverton City on the basis that the Council's decision to deny the Petersens' application to rezone their Property was reasonably debatable and therefore proper. We also affirm the district court's order dismissing the Petersens' equal protection and due process claims because they cannot show that the Council acted with malice or bad faith and they do not have a protectable property interest in the proposed rezoning. Finally, we uphold the district court's decision to deny the Petersens' request for additional discovery. The district court's order is affirmed in all respects.

¶ 31 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice NEHRING, and Judge SHUMATE concur in Justice PARRISH's opinion.

¶ 32 Due to his retirement, Justice WILKINS did not participate herein; District Judge JAMES L. SHUMATE sat.