936 P.2d 1102 (1997)
Pamela WELLS, Rosemary Emery, Ray Whitchurch, Walter Whitchurch, Phyllis Whitchurch, Wanda Houston, Lloyd Sant, Ulrich Matthes, and Joanna Matthes, Petitioners and Appellants,
v.
BOARD OF ADJUSTMENT OF SALT LAKE CITY CORP.; TTJ Partnership; Gastronomy, Inc., dba Market Street Broiler & Fish Market; and John W. Williams, Respondents and Appellees.
No. 960347-CA.
Court of Appeals of Utah.
April 3, 1997.
*1103 Linda S. Lepreau, Salt Lake City, for Petitioners and Appellants.
Roger F. Cutler and Randall K. Edwards, Salt Lake City, for Respondent and Appellee Board of Adjustment of Salt Lake City Corp.
Before WILKINS, Associate P.J., and BILLINGS and ORME, JJ.

OPINION
WILKINS, Associate Presiding Judge:
Petitioners appeal the district court's order granting respondents' motion for summary judgment, which affirmed the Board of Adjustment's (Board) decision to grant TTJ Partnership and Gastronomy, Inc.'s application for a variance from the zoning ordinances requiring a ten-foot landscaped rear yard for the Market Street Broiler and Fish Market (the restaurant). We reverse the order granting summary judgment and vacate the Board's decision granting the restaurant's variance.

BACKGROUND
In 1982, respondents TTJ Partnership and Gastronomy, Inc. converted a building formerly used by Salt Lake City as a fire station into a restaurant. The land on which the restaurant sits abuts a historic residential neighborhood known as the 1300 East-University Area Historic District. Originally, the restaurant's garbage dumpsters were located inside the building, but then over time, the dumpsters were moved first into an enclosed rear porch and, later, outside into the rear yard. As the restaurant's business increased, the quantity of garbage generated in a single operating day also increased. Efforts to accommodate the garbage in neighboring dumpsters have proven insufficient. Presently, the restaurant requires the use of two dumpsters, which are located in the rear yard of the restaurant and emptied at least once each day.
Salt Lake City Zoning Ordinance 21.52.060 requires owners of commercial property in the historic zone to maintain a ten-foot landscaped rear yard, free of any obstructions. In addition, Salt Lake City Zoning Ordinance 21.78.020 requires owners of commercial property to maintain a landscaped buffer of at least ten feet where a lot in a business district abuts a lot in any residential district. Both of these conditions apply to the restaurant's rear yard.
In 1994, in attempts to comply with a city ordinance requiring that dumpsters be enclosed, the restaurant's owners applied to the Board for a variance from the zoning ordinances that would allow them to build an enclosure for two garbage dumpsters in the rear yard, within the protected ten-foot area. The Board held a hearing on the application and heard testimony that indicated, among other things, the restaurant needed two dumpsters to handle the volume of garbage generated by its operations, and the dumpsters had been located in the protected rear yard area for more than ten years. Petitioners, residents of the abutting neighborhood who opposed the variance, testified that they believed any hardship now suffered by the restaurant was the result of its own success rather than any difficulty with the lot upon which it is located. The residents alleged that the restaurant's owners had failed to make adequate provisions for the dumpsters during remodeling. In addition, they asserted that the restaurant's garbage dilemma is not unique to this restaurant, due to the nature of its business or the physical characteristics of the lot, as it is located side-by-side with other restaurants that must also comply with the city ordinances requiring dumpsters be enclosed and a ten-foot buffer be maintained.
The Board granted the variance and entered its Findings and Order dated February 21, 1995. The Board expressly found that "the neighborhood would be better served by *1104 addressing the garbage issue and that only available space should be used as a buffer after both dumpsters are enclosed." The Board made no other express findings.
Petitioners sought review of the Board's order in district court. The district court reviewed the order, the transcript of the entire hearing, and the evidence before the Board. The court granted summary judgment in the Board's favor, dismissing the petition for review brought by petitioners. This appeal followed.

STANDARD OF REVIEW
When a district court's review of an administrative decision is challenged on appeal and the district court's review was limited to the record before the board, "`we review the administrative decision just as if the appeal had come directly from the agency.'" Davis County v. Clearfield City, 756 P.2d 704, 710 (Utah.Ct.App.1988) (quoting Technomedical Labs, Inc. v. Utah Sec. Div., 744 P.2d 320, 321 n. 1 (Utah.Ct.App.1987)). Therefore, we owe no particular deference to the district court's decision. See id. However, the Board's actions are generally accorded substantial deference, if exercised within the boundaries established by statute. See Patterson v. Utah County Bd. of Adjustment, 893 P.2d 602, 603-04 (Utah.Ct.App. 1995) (stating that within boundaries established by statute, Board is generally afforded broad discretion and its decisions given strong presumption of validity). As such, the Board's decisions will only be rejected on appeal if they are arbitrary, capricious, or illegal. See Utah Code Ann. § 10-9-708(2) (1996).

ANALYSIS
On appeal, petitioners make two challenges. They first challenge the district court's use of summary judgment to dispose of the petition to review the Board's decision as inconsistent with Utah Code Ann. § 10-9-708 (1996) and as fundamentally unfair. We disagree. District courts typically dispose of appeals from administrative agency decisions on motions for summary judgment. In this case, summary judgment was particularly appropriate because the district court's review of the Board's decision was limited to the facts before the Board, see id. § 10-9-708(5)(a)(i), and because the district court was asked to render judgment as a matter of law. Therefore, we find this argument meritless.
Second, petitioners assert the Board's decision to grant the restaurant's application for a variance was arbitrary, capricious, and illegal because the Board failed to make the required statutory findings under Utah Code Ann. § 10-9-707(2)(a) (1996). In this case, the Board's decision to grant the variance was based on the sole finding that "the neighborhood would be better served by addressing the garbage issue."
Section 10-9-707(2)(a), however, only authorizes the Board to grant a variance from zoning ordinances if it finds:
(i) literal enforcement of the zoning ordinance would cause an unreasonable hardship for the applicant that is not necessary to carry out the general purpose of the zoning ordinance;
(ii) there are special circumstances attached to the property that do not generally apply to other properties in the same district;
(iii) granting the variance is essential to the enjoyment of a substantial property right possessed by other property in the same district;
(iv) the variance will not substantially affect the general plan and will not be contrary to the public interest; and
(v) the spirit of the zoning ordinance is observed and substantial justice done.
Id. § 10-9-707(2)(a)(i)-(v). Such findings are mandated and the statute vests no discretion in the Board to grant variances for any other reason. Because the Board granted the variance without making the required statutory findings, we conclude the Board overstepped its legislatively delegated authority and, as such, its decision is illegal. See Patterson, 893 P.2d at 604; see also W. & G. Co. v. Redevelopment Agency of Salt Lake City, 802 P.2d 755, 766 (Utah.Ct.App. 1990) (requiring statutory findings be made to establish validity of urban renewal plan, *1105 and stating "`[t]o hold otherwise would circumvent the legislative intent underlying the statutory requirement for specified findings'" (citation omitted)).
Although the Board failed to specifically make the required statutory findings, respondents assert that this court can "glean" or "divine" from the record that the Board properly considered these requirements in reaching its decision to grant the variance.[1] However, we have reviewed the record, i.e., the transcript and the Board's Findings and Order, and have found no evidence that suggests the Board considered each of these statutory requirements. In addition, even if we were to assume the trial court made these findings sub silentio, the Board's decision to grant the variance is not supported by "substantial evidence" as required by statute. See Utah Code Ann. § 10-9-708(6) (1996) ("The court shall affirm the decision of the board of adjustment if the decision is supported by substantial evidence in the record."); Chambers v. Smithfield City, 714 P.2d 1133, 1135 (Utah 1986) (discussing statutory requirements of previous statute and stating evidence was insufficient to support Board's boilerplate findings). As a result, we conclude that the Board's decision to grant the variance, even assuming it made the required findings, was not supported by substantial evidence and is therefore arbitrary and capricious. See Patterson, 893 P.2d at 604.

CONCLUSION
We conclude the Board's decision to grant the variance was illegal because the Board failed to make the required statutory findings. In addition, even assuming it silently made these statutory findings, the Board's decision was also arbitrary and capricious because it was not supported by substantial evidence. We therefore reverse the trial court's order granting respondents' motion for summary judgment and vacate the Board's decision granting the restaurant's variance.
NOTES
[1] Respondents also suggest that the dumpsters' location in the rear yard within the ten-foot landscaped buffer predates the master plan/zoning ordinance requiring such a buffer, and therefore excuses compliance. We have considered this argument and find it to be without merit.