2001 UT App 212

**Charles CASTER dba Back Yard Auto, Plaintiff and Appellant,**

v.

**WEST VALLEY CITY, Defendant and Appellee.**

**No. 20000619–CA.**

Court of Appeals of Utah.

June 28, 2001.

Bruce R. Baird, Baird & Jones, Salt Lake City, for Appellant.

Nicole Cottle and J. Richard Catten, West Valley City Attorney's Office, West Valley City, for Appellee.

Before Judges JACKSON, BENCH, and BILLINGS.

## AMENDED OPINION[1]

JACKSON, Associate Presiding Judge:

¶1 Charles Caster (Caster) appeals the district court's dismissal of his appeal from the decision by the West Valley City (West Valley) Board of Adjustment (the Board) that the nonconforming use on Caster's property had been discontinued and abandoned. We reverse.

## BACKGROUND

¶2 Caster purchased the property at issue in 1997 from the operators of A & N Auto Wrecking with plans to begin operating Back Yard Auto as an auto wrecking yard. The property is located in a low density residential area; however, West Valley approved the nonconforming use in 1980. A & N Auto Wrecking had obtained a business license each year, and Caster obtained a business license after purchasing the property in 1997. Caster's license was later revoked at the insistence of the zoning administrator who noted that the property had a "pending enforcement case" for violations including "outside storage violations (junk autos)."

¶3 Caster appealed the Zoning Administrator's revocation decision to the Board, which rejected his appeal, concluding that "the auto wrecking yard [had] not been in continuous use and [was] not in harmony with the surrounding neighborhood and in keeping with the Master Plan." Caster appealed the Board's decision to the district court. The district court remanded for the Board to consider whether the prior property owners intended to continue their business operations. The Board concluded that prior owners did not intend to continue their business operations on the property. Caster appealed a second time to the district court, which granted West Valley's motion to dismiss. Caster appeals from the district court's dismissal.

## ISSUE AND STANDARD OF REVIEW

¶4 Here we review the district court's grant of West Valley's motion to dismiss Caster's appeal. "When a district court's review of an administrative decision is challenged on appeal and the district court's review was limited to the record before the board, ' "we review the administrative decision just as if the appeal had come directly from the agency." ' " *Wells v. Bd. of Adjustment of Salt Lake City Corp.*, 936 P.2d 1102, 1104 (Utah Ct.App.1997) (citations omitted). Here, the district court's review was limited to the record, *see* Utah Code Ann. § 10–9–708(5) (1996), thus, we review the appeal " ' "as if the appeal had come directly from the agency." ' " *Wells*, 936 P.2d at 1104. We will "affirm the decision of the board of adjustment if the decision is supported by substantial evidence in the record." Utah Code Ann. § 10–9–708(6) (1996). "Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Patterson v. Utah County Bd. of Adjustment*, 893 P.2d 602, 604 n. 6 (Utah Ct.App.1995) (internal quotations and citations omitted).[2]

## ANALYSIS

¶5 A property owner must *continually maintain* the nonconforming use of the property to retain the nonconforming use status. *See* Utah Code Ann. § 10–9–103(1)(*l*)(ii) (1996). If the property owner abandons the nonconforming use, subsequent uses of the property must be in harmony with the current zoning regulations. *See* West Valley, Utah, Ordinance § 7–18–106(3) (1997). Further, if the property owner discontinues the nonconforming use for a continuous time period longer than one year, the nonconforming use is deemed abandoned. *See id.* The Board concluded that the nonconforming use was discontinued for a period longer than one continuous year. However, Caster argues that because business licenses have been obtained annually and vehicles have

---

1. This Amended Opinion replaces the Opinion issued by the court on June 28, 2001.

2. Caster also argues that intent should be a factor in the legal analysis of abandonment, and that annual issuance of business licenses for the nonconforming use is evidence of intent to continue the nonconforming use. We do not reach the merits of this argument because we decide this case on the first issue.

always been stored and kept on the property, the property has been continuously used as an auto wrecking and salvage yard.

¶ 6 The Board received uncontradicted documentary and testimonial evidence that a business license for the nonconforming use had been obtained every year, and that a few cars were continuously stored or kept on the property. The Utah Code definition of "automobile graveyards," *see* Utah Code Ann. § 27–12–137.3 (1997) (renumbered at Utah Code Ann. § 72–7–202 (Supp.1999)) (defining "automobile graveyards" as places used for "storing, keeping, buying, *or* selling" used car parts; and "junkyards" as places used for "storing, keeping, buying, *or* selling junk" (emphasis added)), and the West Valley Ordinance definition of "junkyards," *see* West Valley, Utah, Ordinance § 7–1–103(97) (1997) (defining "junkyard" as "the use of any lot ... for the sale, storage, keeping, *or* disassembly of junk or discarded or salvaged material" (emphasis added)), both contain disjunctive language. Using the disjunctive word "or," rather than the conjunctive word "and," permits the mere storage or keeping of motor vehicles as a use under the definition. Thus, storing or keeping motor vehicles on a property constitutes the minimum activity required for continued use of the property.[3]

 ¶ 7 The Board heard uncontradicted testimony that the property had "five or six [old] cars in there for the last ten or fifteen years." This testimony established that motor vehicles had been continuously stored or kept on the property during the period in question. A member of the Board recognized that the cars had been stored on the property, but decided that storage did not constitute a nonconforming use of the property. Other evidence on the record indicated that there was limited activity on the property; however, the extent of human presence or of buying and selling is not dispositive. According to West Valley's ordinance, merely storing or keeping motor vehicles continues the nonconforming use. Thus, in view of the language in the ordinance, the record does not contain sufficient evidence "to convince a reasonable mind to support [the Board's] conclusion" that the nonconforming use was discontinued or abandoned. *Patterson v. Utah County Bd. of Adjustment,* 893 P.2d 602, 604 n. 6 (internal quotations and citations omitted).

## CONCLUSION

¶ 8 Uncontradicted testimony in the record establishes that the nonconforming use, namely storing and keeping motor vehicles on Caster's property, was continuous during the relevant time period. Thus, the record does not contain substantial evidence supporting the Board's decision to the contrary. Accordingly, we reverse the Board's decision.

¶ 9 WE CONCUR: RUSSELL W. BENCH, J., and JUDITH M. BILLINGS, J.

---

3. A preliminary review of a few municipalities' and counties' ordinances found on the Internet at the Utah League of Cities and Towns's Web site, http://www.ulct.org, reveals that many municipalities besides West Valley define "junkyard," or similar uses, with disjunctive language. *See, e.g.,* Bountiful, Utah, Ordinances § 14–3–102 (1999) ("automobile wrecking yard"); Herriman, Utah, Ordinances § 19.04.305 (2000) ("junkyard"); Murray, Utah, Ordinances § 17.08.020 (1998) ("salvage yard"); Provo, Utah, Ordinances § 14.06.020 (2001) ("junkyard or automobile wrecking yard"); Salt Lake County, Utah, Ordinances § 19.04.320 (2000) ("junkyard"); Taylorsville, Utah, Ordinances § 13.04.305 (2001) ("junkyard"). Thus, the mere storage of wrecked motor vehicles or junk on a property is sufficient to constitute a continued use in these municipalities. Traditional concepts of business activity, namely buying and selling, are not required to maintain a minimal use of the land. Further, municipalities and counties that do not define "junkyard," but allow the use, could be bound by the disjunctive language found in Utah Code Ann. § 72–7–202 (Supp.1999), which defines "automobile graveyard" and "junkyard" in the Junkyard Control Act.