2009 UT App 291

**PACIFIC WEST COMMUNITIES, INC., a California Corporation, Petitioner, Appellee, and Cross-appellant,**

v.

**GRANTSVILLE CITY, a Utah Municipal Corporation, Respondent, Appellant, and Cross-appellee.**

No. 20080472–CA.

Court of Appeals of Utah.

Oct. 16, 2009.

---

J. Craig Smith, Scott M. Ellsworth, and R. Christopher Preston, Salt Lake City, and Ronald L. Elton, Grantsville, for Appellant and Cross-appellee.

R. Stephen Marshall and David P. Rose, Salt Lake City, for Appellee and Cross-appellant.

Before GREENWOOD, P.J., THORNE, Associate P.J., and McHUGH, J.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Grantsville City appeals from the portion of the district court's order on cross-motions for summary judgment in favor of Pacific West Communities, Inc. (Pacific West) and the declaratory judgment. The judgment declared that (1) the planned unit development (PUD) for the Country Haven Condominiums approved by the Grantsville City Council (the City Council) is not valid with respect to phase two of the property; (2) alternatively, the PUD does not apply to phase two because the amended version of the Declaration of Covenants, Conditions, and Restrictions (the CC & Rs) excluded phase two from the applicability of the CC & Rs; and (3) even if the PUD was not termi-

nated and did apply to phase two, Pacific West was a bona fide purchaser without notice of any CC & Rs and therefore the CC & Rs are unenforceable as against Pacific West.

¶ 2 Pacific West cross-appeals from a portion of the same order wherein the district court granted Grantsville City's motion for summary judgment affirming the City Council's decision denying Pacific West's PUD application for phase two. We affirm in part and reverse in part.

## BACKGROUND

¶ 3 On December 11, 1997, the Grantsville Planning Commission (the Planning Commission) reviewed and recommended the City Council approve the final plat of phase one of a multiphase PUD. On December 17, the City Council approved the final plat "with the approval for phasing conditioned upon approval of the city engineer and City Council for each phase." After receiving the City Council's approval, the original developer commenced construction of phase one. The CC & Rs of Country Haven Condominiums were recorded on May 3, 1998. A First Amendment, recorded on March 25, 1999, excluded phase two from the applicability of the CC & Rs.

¶ 4 On August 27, 2004, Pacific West, through its affiliate Grantsville Family Associates, a Utah limited partnership, purchased phase two of the PUD from G and S Investments, LC. On December 20, 2006, Pacific West filed a final plat application, seeking approval of a PUD subdivision for phase two; the Planning Commission approved the application. The Country Haven Homeowners' Association and a group of property owners adjacent to the proposed phase two appealed the Planning Commission's decision to the City Council, arguing that the proposed development plan for phase two was a major adjustment and was not in substantial conformity with the original development plan for the project.

¶ 5 After a hearing on February 21, 2007, the City Council concluded that the proposed phase two project constituted a major adjustment to the approved development plan. The City Council concluded that phase two

would require a significant modification of the previous written approval conditions and was not in substantial conformity with the previously approved final development plan. At the conclusion of the hearing, the City Council voted to deny Pacific West's application. After the hearing, Julie Black, president of the Country Haven Condominiums Homeowners' Association, sent a letter and a sales brochure to the City Council. In her letter, she explained that the sales brochure demonstrates "our belief that the designations of C, D, F, and G on the recorded plat were reflective of the 'C'olorado, 'D'akota, 'F'lorida, and 'G'eorgia type units to be constructed in the future phases of Country Haven Condominiums." Neither Grantsville City nor Pacific West presented that information at the hearing. Nonetheless, when the City Council issued its Findings and Decisions, dated March 7, 2007, it referenced and attached the letter and sales brochure.

¶ 6 Pacific West filed a timely appeal of the City Council's decision with the district court and cited three claims for relief: (1) for reversal of the City Council's decision and a request that the court direct the City Council to approve Pacific West's application; (2) for a declaratory judgment establishing that the PUD approved by the City Council on December 17, 1997, is not applicable to phase two because Pacific West was a bona fide purchaser (Bona Fide Purchaser Claim); and (3) for an alternative declaratory judgment establishing that the CC & Rs are void and unenforceable as against Pacific West because construction had not been diligently pursued, and the PUD permit expired pursuant to 12.4(5) of the Grantsville Land Use Management and Development Code (PUD Termination Claim). The parties filed cross-motions for summary judgment.

¶ 7 The district court granted Grantsville City's summary judgment motion "to the extent that it [sought] an order denying [Pacific West's] appeal from the decision of [the City Council] dated March 7, 2007," and denied Pacific West's summary judgment motion "to the extent that it sought an order reversing the decision of the ... City Council as set forth in the First Claim for Relief in [Pacific West's] Petition."

¶ 8 The district court granted Pacific West's motion for summary judgment on both of Pacific West's requests for declaratory judgment. First, the district court found that Pacific West was a Bona Fide Purchaser and therefore the previously approved PUD was not applicable to phase two. Second, the district court concluded that the PUD approved by the City Council on December 17, 1997, is no longer valid with respect to phase two and "declared to be terminated with respect to the [phase two p]roperty on the ground that construction was not 'diligently pursued' as required by Section 12.4(5) of the Grantsville Land Use Management and Development Code."

¶ 9 The district court also granted "a declaratory judgment that the PUD does not apply to the property described as [phase two] . . . of the Final Plat since the [CC & Rs] . . . were amended on or about March 25, 1999, to exclude the [phase two] portion of the property from the applicability of the CC & Rs." Lastly, the district court granted a declaratory judgment on Pacific West's second claim for relief concluding that

(a) Pacific [West] acquired the [phase two p]roperty without notice of any restrictions, requirements, or conditions (the "Unrecorded Restrictions") that were not shown on the Final Plat for the PUD. Such Unrecorded Restrictions include, without limitation, the following items with respect to each of the units identified on the [phase two] portion of the Final Plat: (i) unit designs, (ii) floorplans, . . . .;

(b) Pacific [West] purchased the [phase two p]roperty in "good faith" within the meaning of Utah Code [section] 57-3-103(1) . . ., and is a bona fide purchaser;

(c) Pursuant to Utah Code [section] 57-3-103 . . ., the Unrecorded Restrictions are void and unenforceable as against Pacific [West];

(d) The Unrecorded Restrictions are also void and unenforceable as against Pacific [West] under the statute of frauds, [see ] Utah Code Ann. § 25-5-1 (2007).

¶ 10 Both parties appeal from the district court's summary judgment order.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 11 Grantsville City appeals from the district court's order on cross-motions for summary judgment. "We review a district court's grant [or denial] of summary judgment for correctness, affording no deference to the district court." *Bluffdale City v. Smith*, 2007 UT App 25, ¶ 5, 156 P.3d 175.

■ ¶ 12 Grantsville City first argues that the district court erred by failing to apply Utah Code section 10-9a-801(8)(a) when considering Pacific West's Bona Fide Purchaser Claim and PUD Termination Claim as well as other evidence outside of the City Council's record. Utah Code section 10-9a-801(8)(a) limits the district court's review of the City Council's decision to the record of the City Council. *See* Utah Code Ann. § 10-9a-801(8)(a) (2007). We review the district court's application of a statute for correctness, affording no deference to the district court's legal conclusion. *See Wasatch Crest Ins. Co. v. LWP Claims Adm'rs Corp.*, 2007 UT 32, ¶ 6, 158 P.3d 548. Because our decision on this issue is dispositive, we do not reach Grantsville City's other issues on appeal.

■ ¶ 13 On cross-appeal, Pacific West argues that the district court erred in affirming the City Council's decision because the City Council's decision was not based on substantial evidence and was therefore arbitrary, capricious, and illegal. Pacific West asserts that the decision was based on a mistaken belief that the approval of the final plat of phase one included approval of future phases, including phase two.

When a district court reviews an order of a local land use authority and we exercise appellate review of the district court's judgment, we act as if we were reviewing the land use authority's decision directly, and we afford no deference to the district court's decision. Like the review of the district court, our review is limited to whether a land use authority's decision is "arbitrary, capricious, or illegal."

*Fox v. Park City*, 2008 UT 85, ¶ 11, 200 P.3d 182 (footnote omitted).

## ANALYSIS

### I. Summary Judgment Decision Granting Pacific West Relief on Bona Fide Purchaser Claim and PUD Termination Claim

█ ¶ 14 Grantsville City argues that the district court improperly received and considered evidence and claims for Bona Fide Purchaser and PUD Termination, which evidence and claims were outside of the City Council's record.[1] Specifically, Grantsville City asserts that Pacific West submitted testimony to the district court in the form of three affidavits, which were not part of the City Council's record, and were improperly used to form the basis of Pacific West's declaratory relief claims of Bona Fide Purchaser and PUD Termination that had not been raised before the City Council. Pacific West, in response, argues that Grantsville City did not preserve this argument because Grantsville City failed to raise it in the district court.

█ ¶ 15 "[A]s a general rule, claims not raised before the trial court may not be raised on appeal." *Duke v. Graham*, 2007 UT 31, ¶ 26, 158 P.3d 540 (alteration in original) (internal quotation marks omitted). In its briefing, Grantsville City argues that the scope of review issue was raised below both in its summary judgment memoranda and at the summary judgment hearing.

¶ 16 In its memorandum opposing Pacific West's summary judgment motion, Grantsville City argued that the affidavits of Caleb Roope, Douglas Gibson, and Dennis Fanderheiden (the Affidavits) were not part of the

record before the City Council, and therefore, according to Utah Code subsections 10–9a–801(7) and (8), the district court could not rely on the Affidavits in considering the Bona Fide Purchaser Claim and PUD Termination Claim. Grantsville City raised the issue again at the summary judgment hearing and began its oral argument by objecting to the admission of the Affidavits:

> [T]he disputed issues in this case should be resolved by the Court in reviewing the record and the proceedings before the [C]ity [C]ouncil. Section 10–9a–801(8) of the Utah Code states that the district court's review is limited to the record provided by the land use authority or the appeal authority which is the Grantsville City [C]ouncil in this matter, and the court may not accept or consider any evidence outside of the record unless the evidence was offered to the appeal authority and the court determines that it was improperly excluded. We are, therefore, objecting to the extraneous information and materials that have been provided by Pacific [West] in their memoranda, including the [A]ffidavits.... We are asking the Court not to review that.

Grantsville City further argued, at various points in the hearing, that issues such as Pacific West's Bona Fide Purchaser Claim and PUD Termination Claim should not be considered because they were not raised before the City Council.[2] Both the summary judgment memoranda and hearing transcript clearly demonstrate that Grantsville City raised its scope of review argument and properly objected to the district court's re-

---

1. For the sake of convenience we refer to this issue as the "scope of review issue" throughout our discussion.

2. The following transcript excerpt demonstrates the scope of review argument Grantsville City made during the hearing:

 MR. ELTON: Okay. This is an appeal on the record. But if [Pacific West] had those claims, those issues, they should have presented [them] to the [C]ity [C]ouncil.... Since we don't have [a record], I mean, we don't, here we are on appeal and they've made these assertions of what (inaudible) they did or didn't do and we can't respond to that because there is no record with respect to that....

 THE COURT: So [your] argument would be then at the time of the actual appellate hearing

in front of the [C]ity [C]ouncil this argument of notice was never raised?

 MR. ELTON: That's correct.

 THE COURT: In any form?

 MR. ELTON: That's correct. Never heard it....

 ...

 MR. ELTON: I mean, our position is that if you have an issue you have to raise it before the [C]ity [C]ouncil and you have to argue it there. And here you come up on appeal and they're throwing out these extraneous claims that there is no record, there's no evidence to support it. And our position is that the review is limited to the record.

view of issues not raised before the City Council.[3] Based on our review of the summary judgment memoranda and hearing transcript, we conclude that Grantsville City adequately raised this argument so as to allow the district court an opportunity to rule on it. *See Badger v. Brooklyn Canal Co.*, 966 P.2d 844, 847 (Utah 1998) ("[A] trial court must be offered an opportunity to rule on an issue."). Accordingly, we conclude that Grantsville City's scope of review argument was properly preserved, and we proceed to address the merits of the argument.

¶ 17 Utah Code section 10–9a–801 governs this appeal and specifically limits the district court's review of the City Council's decision to the record provided by the City Council, *see* Utah Code Ann. § 10–9a–801(8)(a)(i) (2007) ("[T]he district court's review is limited to the record provided by the land use authority or appeal authority, as the case may be."). When a review is limited to the record provided by the City Council, "[t]he court may not accept or consider any evidence outside the record of the land use authority or appeal authority, as the case may be, unless that evidence was offered to the land use authority or appeal authority, respectively, and the court determines that it was improperly excluded." *Id.* § 10–9a–801(8)(a)(ii).

¶ 18 The Affidavits at issue in this case were submitted for the first time in the district court.[4] Because the Affidavits were not offered as evidence before the City Council, they are outside the record and the district court erred in considering them.

¶ 19 Similarly, the district court's review is limited to the issues raised before the City Council. *See Badger*, 966 P.2d at

847 ("[A] party seeking review of agency action must raise an issue before that agency to preserve the issue for further review."). Utah Code section 10–9a–801(3)(a) provides that the district court shall "determine only whether or not the decision, ordinance, or regulation is arbitrary, capricious, or illegal." Utah Code Ann. § 10–9a–801(3)(a). Our review discloses no evidence that Pacific West's Bona Fide Purchaser and PUD Termination Claims were raised before the City Council and Pacific West directs us to none. Because Pacific West did not raise those issues before the City Council, it failed to preserve the issue for district court review. As a result, we conclude that the district court improperly considered those claims and erred in granting Pacific West's motion for summary judgment on Pacific West's Bona Fide Purchaser Claim and PUD Termination Claim. Therefore, we reverse the district court's grant of summary judgment based on Pacific West's Bona Fide Purchaser and PUD Termination Claims.[5]

## II. Summary Judgment Decision Affirming the City Council's Denial of Pacific West's PUD Application

¶ 20 Pacific West, in its cross-appeal, argues that the district court erred by affirming the City Council's denial of Pacific West's PUD application because the City Council decision was arbitrary, capricious, and illegal. In particular, Pacific West raises two arguments: (1) the City Council's decision-that Pacific West's PUD application for phase two constituted more than a minor adjustment to the approved plan-was arbitrary and capricious because it was not based on substantial evidence, and (2) the City

---

3. We note that the district court specifically asked Pacific West what issues were brought before the City Council and then asked the reason for not raising the Bona Fide Purchaser and PUD Termination Claims below. Pacific West responded, in part, as follows:

We raised the BFP [Bona Fide Purchaser] issue and the termination of the PUD issue[ ] and the statute of fraud issue in our complaint as we were entitled to do. There was nothing, there is no principle of law, there's no statutory requirement, no requirement in the ordinance that we raised [sic] those arguments in front of the [C]ity [C]ouncil.

4. The City Council hearing was held on February 21, 2007. The Affidavits each refer to the City Council hearing and are all dated August 2007.

5. Grantsville City raises various other arguments pertaining to the merits of Pacific West's Bona Fide Purchaser and PUD Termination Claims. Likewise Pacific West responds with several arguments related to the merits of those claims. We do not, however, address any of these arguments since we conclude that those claims were not preserved for district court review.

Council's decision was illegal because it relied on a sales brochure submitted after the PUD application hearing without giving Pacific West an opportunity to respond to the evidence. "When a district court reviews an order of a local land use authority and we exercise appellate review of the district court's judgment, we act as if we were reviewing the land use authority's decision directly, and we afford no deference to the district court's decision." *Fox v. Park City,* 2008 UT 85, ¶ 11, 200 P.3d 182.

¶ 21 Pacific West first argues that the City Council's decision to deny the PUD application for phase two was not based on substantial evidence. The City Council denied Pacific West's PUD application because the proposed plan for phase two "is a major adjustment to the approved development plan, would require a significant modification of the previous written conditions of approval and is not in substantial conformity to the previously approved final development plan."[6] Pacific West asserts that there is no evidence to support the City Council's finding that it had, by approving the final plan, adopted a development plan with respect to phase two.

 ¶ 22 "A land use authority's decision is arbitrary or capricious only if it is not supported by substantial evidence in the record." *Id.* (internal quotation marks omitted). "Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Caster v. West Valley City,* 2001 UT App 212, ¶ 4, 29 P.3d 22 (internal quotation marks omitted). "In determining whether substantial evidence supports the [City Council's] decision we will consider all the evidence in the record, both favorable and contrary[,] and determine whether a reasonable mind could reach the same conclusion as the [City Council]." *M & S Cox*

*Invs., LLC v. Provo City Corp.,* 2007 UT App 315, ¶ 36, 169 P.3d 789 (second alteration in original).

 ¶ 23 In this case, the evidence demonstrates that the City Council's decision was the result of consideration of a vast amount of evidence, including: the Planning Commission's initial decisions concerning the future phases; the minutes of the Planning Commission and the minutes of the City Council approving the original plats and the development plan for the proposed future phases; Pacific West's application for approval of phase two; comments made at the public hearing; and the appeals filed by the two interested groups. Moreover, the City Council itself, identifies much of the evidence it relied on in finding that the proposed plan for phase two is a major adjustment to the approved development plan and previous written conditions of approval. Specifically, the City Council found,

> The Grantsville City Council on December 17, 1997 approved the final plat for Phase One and the development plan for the proposed future phase(s) of Country Haven Condominiums, conditioned upon approval of the City Engineer and the City Council for each phase. The original Plat included 15 units (Phase One) ... and showed a detailed development plan for future phase(s), which development plan for the future phases included, street layouts and dimensions, 23 buildings with 63 residential units,.... The final plat for Phase One, includes the approved development plan for the future phase(s) of Country Haven Condominiums, as supplemented by the developer's application and representations and the attendant approvals made by the Planning Commission and the City Council. The individual residential units in the approved future phase(s)

---

6. The City Council noted the factors it determined constituted a substantial change to the development plan. These substantial changes, as the City Council listed, are as follows:

 A. The proposed plan increased the number of units allowed in the buildings.
 B. The plan eliminated two car garages.
 C. The plan included single ownership of all of the units, which units would be rented,

contrary to the plan for a condominium project.
 D. The proposed streets did not meet City Standards.
 E. The building heights exceeded 35 feet.
 F. The project appeared to be low-income housing and was not an upscale development as was originally proposed.
 G. The project did not include a privacy fence around its exterior boundary.

**288**

were identified with specific residential unit types, designated A, C, D, F[,] and G. . . . Each of these building types have two car garages and basements. Only building type A has a single car garage and there [are] no type A buildings in Phase One and there are only 4 of these units in Phase Two. . . . Unit types C, D, F[,] and G have from 1300 to 2200 square feet and with finished basements would have from 2600 to 3500 square feet of finished living space.

¶ 24 This statement, as well as the evidence in the record, reveals that there is substantial evidence to support the City Council's decision and that a reasonable mind could have reached the same decision as the City Council. Accordingly, we conclude that the City Council's decision to deny Pacific West's PUD application was not arbitrary or capricious.

¶ 25 This conclusion does not, however, end our inquiry. Pacific West argues that the City Council's decision was illegal because it relied on a sales brochure submitted after the PUD application hearing, denying Pacific West an opportunity to respond to the evidence. "A land use authority's decision is illegal if it violates a law, statute, or ordinance in effect at the time the decision was made." *Fox v. Park City*, 2008 UT 85, ¶ 11, 200 P.3d 182 (internal quotation marks omitted).

¶ 26 The record reveals that the brochure was, indeed, submitted after the hearing and included in the City Council's findings and decision. The brochure was not part of the record at the time of the hearing, and as a result, Pacific West was denied an opportunity to respond to the brochure. Thus, we agree with Pacific West that the brochure was improperly before the City Council. The City Council's reference to the brochure does not, however, render illegal the City Council's decision. The City Council made its determination, based on the evidence before it, by a public and open vote to deny Pacific West's PUD application on the day of the hearing. In fact, the district court in its review of the City Council's findings

and decision redacted the sales brochure information, considered the evidence without the brochure, and determined that there was still substantial evidence to support the City Council's decision. Likewise, our review of the record as it appeared on the day of the hearing, without after-acquired evidence, reveals that the record contains substantial evidence to support the City Council's decision. In this context, we conclude that the City Council's decision to deny Pacific West's PUD application was not illegal.

¶ 27 Based on this analysis, we conclude that the City Council's decision was not arbitrary, capricious, or illegal. Accordingly, we affirm the district court's summary judgment decision affirming the City Council's denial of Pacific West's PUD application.

## CONCLUSION

¶ 28 The district court's review of the City Council's decision is limited to the record provided by the City Council. The district court may not consider any evidence outside of that record. *See* Utah Code Ann. § 10–9a–801(8)(a)(i), (ii) (2007). Neither the affidavit evidence nor Pacific West's Bona Fide Purchaser and PUD Termination Claims were considered by the City Council and, as such, were not a part of the City Council's record. Therefore, we conclude that the district court erred in considering claims and evidence outside of the City Council record. Consequently, the district court's grant of summary judgment based on the improper evidence, granting Pacific West's Bona Fide Purchaser and PUD Termination Claims is reversed.

¶ 29 "A final decision of a land use authority or an appeal authority is valid if the decision is supported by substantial evidence in the record and is not arbitrary, capricious, or illegal." *Id.* § 10–9a–801(3)(c). The City Council's decision to deny Pacific West's PUD application is supported by substantial evidence in the record and is not arbitrary or capricious. The brochure improperly acquired after the hearing but properly redacted by the district court does not render the

City Council's decision illegal because there was substantial evidence reviewed at the time of the decision to support the City Council's decision. We accordingly affirm the district court's decision to uphold the City Council's denial of Pacific West's PUD application.

¶ 30 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and CAROLYN B. McHUGH, Judge.